## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **NO.: 1:24-MJ-00001** |
| | § | |
| **FRANK DAHLQUIST** | § | |
| | § | |

## DEFENDANT'S UNOPPOSED MOTION TO AMEND PRETRIAL RELEASE CONDITIONS

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES the Defendant, FRANK DAHLQUIST, and submits this Unopposed Motion to Amend Pretrial Release Conditions and would show the following:

I.

**Procedural Background**

On January 4, 2024, Defendant FRANK DAHLQUIST was charged by way of a criminal complaint for violations of 18 U.S.C. § 1752(a)(1),(2), and (4): Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority; 18 U.S.C. § 111(a)(1): Forcibly assaulting, resisting, opposing, or impeding a person designated in section 1114; 18 U.S.C. § 231(a)(3): Obstruction of Law Enforcement During Civil Disorder; and 40 U.S.C. § 5104(e)(2) (D) and (G): Violent Entry and Disorderly Conduct on Capitol Grounds. *See* ECF No. 1.

On January 4, 2024, an arrest warrant for FRANK DAHLQUIST was issued and the warrant was executed on January 10, 2024 in Helena, Montana.  *See* ECF No. 5.

On January 16, 2024, a detention hearing was held in the Federal District Court for the District of Montana. The Court noted in ECF: "Deft will be appearing remotely Thursday 1/18/2024 in the District of Columbia. Court has received proposed order setting conditions of

release. Deft has signed the order and has no questions. Court orders deft to be released after processing today and advises deft of significant adverse consequences should he choose to violate the conditions of release. Court explains conditions of release." *See* ECF No. 11.

On January 25, 2024, the Honorable Moxila A. Upadhyaya, United States Magistrate Judge for the District of Columbia, signed an order setting the conditions of pretrial release in this cause.  As a condition of Pretrial Release, it was ordered that FRANK DAHLQUIST is subject to home detention: "You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services officer or supervising officer."  *See* ECF No. 10.

Other conditions imposed prohibit FRANK DAHLQUIST from possessing a firearm, destructive device or other weapon; surrender of his passport; notification to the District of Montana regarding planned travel; prohibition of travel to the District of Columbia excepting Court or PSA business; prohibition of alcohol and narcotic possession/consumption; drug/alcohol testing upon request; supervision and reporting to the District of Montana as directed; submission to location monitoring technology as directed by pretrial services; and reporting of any and all law enforcement contacts to pretrial services. *See* ECF No. 10.

**Argument**

If a court makes a determination, pre-release, that the risk of flight/obstruction and/or danger to the community exists, the Court then turns to the question of whether there is a condition or combination of conditions to mitigate the risk(s) in a way that reasonably assures the safety of the community and/or the appearance of the defendant, taking into consideration the factors set forth at 18 U.S.C. § 3142(g).

FRANK DAHLQUIST has complied with all release conditions since Judge Moxila A. Upadhyaya signed the Order Setting Conditions of Release and the Additional Conditions of

Release on January 25, 2024. He has remained under home confinement as directed; has surrendered his passport; is reporting to Pretrial Services as directed; has not possessed or consumed alcohol or narcotics; has not possessed a firearm, destructive device or other weapon; abided by all restrictions on personal association, residence, and travel; and has had no contact with law enforcement.

His adherence to all conditions shows that he is neither a flight risk nor a danger to the community. The removal of the home confinement condition will have no functional effect on the other release conditions nor on the District and Pretrial Services ability to monitor him. As such, FRANK DAHLQUIST, by and through his attorney, JAMES LEE BRIGHT, respectfully requests the home detention release condition be removed. No other modification is requested, and all other conditions will remain intact.

II.

FRANK DAHLQUIST requests that the Court grant the requested modification to his pretrial release conditions removing the condition of home detention.

III.

Counsel for the Defendant has conferred with Assistant United States District Attorney David Perri, who has stated that he is unopposed to the modification sought by this motion.

VI.

WHEREFORE, PREMISES CONSIDERED, FRANK DAHLQUIST prays that this motion will be granted.

Respectfully Submitted,

/s/ James Lee Bright_____

JAMES LEE BRIGHT
Law Offices of James Lee Bright
Texas Bar No.: 24001786

3300 Oak Lawn Avenue, Suite 700
Dallas, Texas 75219
(214) 720-7777
(214) 720-7778 FACSIMILE

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF CONFERENCE

On May 24, 2024, James Lee Bright, counsel for Defendant FRANK DAHLQUIST conferred with Assistant United States Attorney David Perri and received his assurances that the Government does not oppose this motion.

/s/ James Lee Bright_____

JAMES LEE BRIGHT
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of the foregoing document United States Attorney's Office, on this the 28th day of May, 2024, via *electronic filing*.

/s/ James Lee Bright_____

JAMES LEE BRIGHT
ATTORNEY FOR DEFENDANT